**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jorge Corte Cortes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:26-cv-09184 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Samuel Olson, Markwayne Mullin, | ) | |
| Todd Blanche, and David Venturella, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

U.S. Immigration and Customs Enforcement ("ICE") is currently detaining petitioner Jorge

Corte Cortes pending removal proceedings. ICE has denied Corte Cortes access to a bond hearing,

and Corte Cortes petitions this Court to issue a writ of habeas corpus ordering Respondents to

release him or, in the alternative, schedule a bond hearing. For the reasons stated below, the petition

is granted in part, and the Court orders Respondents to schedule a bond hearing.

**Background**

Corte Cortes is a noncitizen who has lived in the United States for over thirteen years. ECF

1 at ¶ 2. He has two children, who are both United States citizens, and a younger brother, also a

United States citizen, who requires extensive medical care. *Id*. at ¶ 24. On April 29, 2026 and May

21, 2026, Corte Cortes was arrested for retail theft. *Id*. at ¶ 25; ECF 11 at 2. He was charged with

two counts of retail theft. ECF 1 at ¶ 25; ECF 11 at 2. One count was voluntarily dismissed, and

the other was amended to receipt of goods and services. ECF 1 at ¶ 25. On July 10, 2026, Corte

Cortes pleaded guilty to one charge of receipt of stolen goods and services under 720 ILCS 5/17-

39. *Id*.

On July 31, 2026, Corte Cortes was arrested by DHS. *Id*. at ¶ 4. He is currently detained by ICE pending removal proceedings and without the right to request a bond hearing. *Id*. at ¶¶ 4, 6. Respondents contend that Corte Cortes is properly detained under 8 U.S.C. § 1226(c)(1)(E), which provides for mandatory detention. ECF 11 at 1. Corte Cortes contends that he is detained instead under 8 U.S.C. § 1226(a), under which he is entitled to a bond hearing. ECF 1 at ¶ 9. Corte Cortes petitions this Court under 28 U.S.C. § 2241(c) to issue a writ of habeas corpus ordering his release or, in the alternative, ordering Respondents to schedule a bond hearing. *Id*. at ¶ 10.

### Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. "The individual in custody bears the burden of proving that his detention is unlawful." *Ochoa Ochoa v. Noem*, 2025 WL 2938779, at *2 (N.D. Ill. Oct. 16, 2025).

### A. Administrative Exhaustion

"Where Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). "But where Congress has not clearly required exhaustion, sound judicial discretion governs." *Id.* The INA "mandates exhaustion in order to challenge final orders of removal . . . [but not for] challenges to preliminary custody or bond determinations." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citations omitted). Thus, exhaustion in this case is subject to the Court's discretion. As set forth in *Gonzalez:*

> Individual interests demand that exhaustion be excused when (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (cleaned up).

2

While only one factor is required, at least two factors support excusing exhaustion here. First, requiring exhaustion would cause prejudice because it would delay a bond hearing. The delay is significant because if an Immigration Judge ("IJ") issues a final removal order before a bond hearing, then Corte Cortes would lose the opportunity for a remedy. Second, Corte Cortes argues that the denial of a bond hearing violates his constitutional due process rights. Neither an IJ nor the BIA can rule on a petitioner's constitutional claims. *See id.* at 1017 (noting that "the BIA has no jurisdiction to adjudicate constitutional issues"). For these reasons, the Court finds that Corte Cortes is excused from exhausting his administrative remedies.

**B. Detention Pursuant to Section 1226**

Corte Cortes and Respondents agree that Corte Cortes falls under Section 1226 of the INA, but dispute which provision of that section applies. *See Cirrus Rojas v. Olson*, No. 25-3127, -- F.4th --, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026) ("Aliens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements.").

Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained [pending removal proceedings]" and that the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole." 8 U.S.C. § 1226(a). The Supreme Court has clarified that noncitizens detained under Section 1226(a) are entitled to "receive bond hearings at the outset of detention." *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1) and § 1236.1(d)(1)) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). In other words, if Petitioner is detained under Section 1226(a), he is entitled to receive a bond hearing.

3

Section 1226(c) "carves out a statutory category" of noncitizens from Section 1226(a) for whom detention is mandatory, comprised of individuals who have committed certain "enumerated . . . criminal offenses [or] terrorist activities." *Jennings*, 583 U.S. at 289 (citing § 1226(c)(1)). Following amendment by the Laken Riley Act, Section 1226(c)(1)(E) provides that, subject to other requirements, a noncitizen is subject to mandatory detention if he "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

Corte Cortes argues that detention under Section 1226(c) is not permitted because his criminal charges have been either dismissed or amended to a charge not enumerated by the Laken Riley Act. Respondents argue that any charge or arrest suffices, even if ones that do not result in conviction. "[W]hen the language of a statute is clear and unambiguous, no need exists for the court to examine the legislative history, and the court must give effect to the plain meaning of the statute." *United States v. Hayward*, 6 F.3d 1241, 1245 (7th Cir. 1993) (rev'd on other grounds). "[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009) (describing the canon against superfluousness as "one of the most basic interpretative canons").

This Court agrees with the numerous other district courts that have found that Respondents' interpretation would impermissibly make the present tense language in Section 1226(c)—"*is* charged with, *is* arrested for, *is* convicted of, admit*s* having committed, or admit*s* committing acts"—superfluous. *See Helbrum v. Williams Olson*, 2025 WL 2840273, at *7 (S.D. Iowa Sept.

4

30, 2025) ("Congress did not . . . make detention mandatory for anyone who '*was* charged with' one of those offenses (past tense) but had the charges dismissed without a conviction or some other admission of guilt. Had this been Congress's intent, it surely knew how to find the right words."); *E.C. v. Noem*, 2025 WL 2916264, at *11 (D. Nev. Oct. 14, 2025) ("[T]he statutory text's reference to a person who 'is charged with' or 'is arrested' for a theft-related offense, in the present tense, cannot be read to apply to a person has previously been arrested for and charged with a crime where they have also been acquitted of the crime."). And as several of these courts have noted, "[t]he structure of the statute reinforces its plain meaning . . . the language in § 1226(c)(1)(E)(ii) tracks the steps of criminal proceedings . . . Respondents urge an interpretation that requires mandatory detention following any arrest or charge no matter the ultimate disposition of those charges . . . [This] interpretation would render superfluous the language in the statute requiring detention under circumstances other than when a person 'is arrested for' or 'is charged with' certain crimes." *Rueda Torres v. Francis*, 2025 WL 3168759 at *5 (S.D.N.Y. Nov. 13, 2025).

Thus, "detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute." *Hairo v. Crawford*, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) (citations omitted); *see also Rueda Torres*, 2025 WL 3168759 at *5 ("[T]he text of § 1226(c)(1)(E)(ii) does not provide for mandatory detention where, as here, charges have been dropped."); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 388–89 (S.D.N.Y. 2026) (same); *Colli-Briceno v. Rivas*, 2026 WL 2191447, at *2–3 (D. Ariz. July 29, 2026) ("Petitioner's arrest was a thing of the past . . . there was no present charge or present conviction. It follows that Respondents cannot invoke § 122[6](c)(1)(E)(ii) as the basis for detaining Petitioner without a bond hearing."). As Petitioner's criminal charges were either

5

dismissed or amended to a charge not enumerated by the Laken Riley Act, there is no present charge or conviction that would support mandatory detention under Section 1226(c)(1)(E).

As such, the Court finds that Petitioner is detained under Section 1226(a).

**C. Due Process**

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (cleaned up). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* Specifically, "government detention violates that Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections." *Id.* (emphasis in original). "It is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of [the] geographic borders." *Id.* at 693. "But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.*

"The general test for determining what process is due and when was set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1006 (7th Cir. 2017). "*Mathews* identified three factors to be balanced: first, the private interest at stake; second, the risk of erroneous deprivation and the value, if any, of additional procedural safeguards; and third, the government's countervailing interests." *Id.* Here, all three factors weigh in Corte Cortes's favor.

First, regarding the private interest at stake, Corte Cortes asserts "the most elemental of liberty interests—the interest in being free from physical detention by [the] government." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). For that reason, "civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v.*

*Texas*, 441 U.S. 418, 425 (1979). Second, regarding the risk of erroneous deprivation, if ICE refuses to allow a bond hearing, then an Immigration Judge will be unable to determine whether the requirements are met for continued detention. Third, regarding the government's countervailing interests, "the Government has a legitimate interest in the prompt execution of removal orders which detention may facilitate." *Chogllo Chafla v. Scott*, 804 F.Supp.3d 247, 263 (D. Me. 2025). A bond hearing does not impair that interest.

The Court thus finds that Corte Cortes is entitled to a bond hearing. This is consistent with other decisions by district courts who have considered this and similar issues. *See Hario*, 2026 WL 286176, at *3; *Colli-Briceno*, 2026 WL 2191447, at *3; *Ochoa Ochoa*, 2025 WL 2938779, at *8 ("Ochoa Ochoa requests immediate release from custody or, in the alternative, an individualized custody redetermination hearing. The latter is appropriate here, as the procedural due process violation arises from his redetention without a bond hearing, rather than the detention itself, which is discretionary under § 1226(a)."); *H.G.V.U. v. Smith*, 2025 WL 2962610, at *6 (N.D. Ill. Oct. 20, 2025) (similar).

### Conclusion

Corte Cortes's petition [1] is granted in part. Respondents are ordered to release or provide Corte Cortes with a bond hearing pursuant to 8 U.S.C. § 1226(a) within three days of this order. Civil case is terminated with full leave to reinstate by Petitioner if Respondents fail to comply with this order.

**SO ORDERED.**                                    **ENTERED: August 7, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**